IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

                        **Plaintiff,**

       v.                                                                                 CASE NO. 23-3015-JWL

CATHLEEN ABELL, ET AL.,

                        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Oscar David Urrutia, a state prisoner who is incarcerated at Finney County Jail (FCJ) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

**I.    Nature of the Matter before the Court**

Plaintiff names as defendants Deputy Finney County Attorney Cathleen Abell, Kansas District Judge Richard Marquez, and Finney County, Kansas. (Doc. 3, p. 1, 3-4.) The factual background for this complaint is far from clear. Plaintiff alleges that when he was a minor, he "was a star witness in a murder case involving" a former Sheriff's Deputy and that as a result, he is now being retaliated against by Defendants. *Id.* at 3. He asserts that he has been improperly classified as a sex offender in Finney County, which—along with other "unlawful acts of the Defendants"— makes it nearly impossible for Plaintiff to obtain and hold employment. *Id.* at 5. Plaintiff also refers

1

to being "the victim in a self-defense case" in which certain individuals informed police that they had come to Plaintiff's home to rob him and Plaintiff had defended his home. *Id.* Finally, Plaintiff asserts that police officers held him at gun point in reliance on false information provided by Defendants. *Id.* at 6.

Count I alleges unlawful retaliation, the commission of a hate crime, discrimination, and defamation of character. *Id.* at 5. As the supporting facts for this count, Plaintiff points to his difficulty obtaining and keeping employment and his alleged misclassification as a sex offender. *Id.* Count II alleges a violation of the Due Process Clause and invasion of privacy. *Id.* As the supporting facts for Count II, Plaintiff states: "Chance Wallace and Matt Benett stated to officer [*sic*] they were at my place of residence to rob me, and I defended my place of habitation." *Id.* Count III alleges "Breach of Duty by all Public officials," aggravated kidnapping, and negligence. *Id.* at 6. As the supporting facts for Count III, Plaintiff states that officers held him at gunpoint on the sole basis of false and perjured information provided by Defendants Abell and Marquez. *Id.* As relief, Plaintiff seeks money damages, declaratory relief, and an injunction. *Id.* at 7.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**III.    Discussion**

This action is subject to dismissal because the complaint leaves unclear the precise grounds for relief Plaintiff intends to assert. The court-approved form complaint provides distinct places for a plaintiff to identify which "constitutional rights, privileges or immunities have been violated" for each of up to three counts. Some of the items Plaintiff includes in this portion of the complaint adequately identify a constitutional right. For example, Plaintiff alleges the violation of the Federal

3

Constitution's Due Process Clause. (Doc. 3, p. 5.) On the other hand, Plaintiff also alleges "[d]iscrimination amongst The Community in Finney County," which does not appear to be a violation of a constitutional right, privilege, or immunity. In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, the allegation that a state statute or state constitution was violated states no claim under § 1983.

Moreover, for each Count, Plaintiff has failed to comply with the instructions directing him to set forth "all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (*See* Doc. 3, p. 5.) "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110.

The conclusory nature of Plaintiff's allegations in the complaint leaves unclear the factual basis for Counts I, II, and III. Plaintiff has failed to identify specific actions taken by specific defendants. For example, in Count I, Plaintiff complains of "the many unlawful acts of the Defendants." (Doc. 3, p. 5.) If Plaintiff wishes to base a claim for relief on Defendants' unlawful acts, he must explain what those acts were, when they occurred, and how the specific acts harmed

him. In the absence of such information, the complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983.

## IV.   Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that articulates a cause of action under § 1983 and alleges sufficient facts to support each cause of action. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not incorporate by reference an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3015) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including March 22,

2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge